IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ADDONES SPENCER                                                          PETITIONER
Reg. #11060-027

V.                      NO. 2:12CV00201 KGB/JTR

JOHN FOX, Warden,                                     RESPONDENT
FCI-Forrest City

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Addones Spencer brings this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, challenging a prison disciplinary conviction he received while incarcerated

in the Federal Correctional Institution in Forrest City, Arkansas.[1] *Doc. #1*. Respondent has filed a Response, *Doc. #8*, and Petitioner has filed two Replies, *Docs. #10, #13*. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's claims, the Court will review the relevant facts and procedural history giving rise to this action.

On June 14, 2012, Petitioner was attending a Unit Discipline Committee hearing being conducted by Unit Manager W. Ankton and Counselor S. Lopez. Mr. Ankton reported that, during the hearing, Petitioner "became insolent with staff by raising his voice and yelling at staff." Although instructed to lower his voice, Petitioner "continued to yell and became loud enough for staff in other offices to become concerned and come into the conference room." Petitioner told Mr. Ankton: "I am going to get you for this. Your name is going down on my list too." Additional officers were called and, while being pat-searched, Petitioner yelled at the officer who was searching his bag. Petitioner was given two direct orders to step into the conference room and lower his voice. When he refused to do so, he was escorted from the unit. Based on Petitioner's conduct, Mr. Ankton wrote an incident report charging him with the prohibited acts of: (1) threatening a staff member; and (2) insolence

---

[1]Petitioner has recently been transferred to the United States Penitentiary in Beaumont, Texas. *Doc. #18*.

toward a staff member. *Doc. #8-1, at 21.*[2]

Later that day, Lt. M. Jankowski, the investigating officer, provided Petitioner with a copy of the incident report. According to the officer, Petitioner displayed "a bad attitude" during the investigation, and said he did not threaten anyone. The officer concluded, based on the staff incident report, that there was sufficient information to proceed with the disciplinary charges. Petitioner had no witnesses to call. *Id. at 22.*

On June 21, 2012, the Unit Discipline Committee (UDC) considered the disciplinary charges. Petitioner had "no comment." The UDC concluded that the incident report "merits a better review" by a Discipline Hearing Officer (DHO). *Id. at 21.* Thus, the UDC referred the matter to a DHO, notified Petitioner that he would be appearing before a DHO, and further advised him of his rights in connection with the proceedings, including the rights: to have a staff member represent him at the DHO hearing; to call witnesses and present documentary evidence; to be advised of the DHO's decision; and to appeal the decision through the BOP's administrative remedy program. *Id. at 21, 23-26.*

After being notified of his rights, Petitioner requested representation by staff member S. Talbert. *Id. at 22.* The UDC informed Petitioner that Ms. Talbert could not

---

[2]Respondent submitted the relevant disciplinary documents as attachments to the Declaration of Blair Summers, Legal Assistant with the Federal Bureau of Prisons (BOP) Consolidated Legal Center. *Doc. #8-1.*

represent him because she "was involved." *Id. at 22; see also Docs. #10, at 2-3, 5, 7; #13, at 1-2*. The notification form, which Petitioner refused to sign, stated that he did not wish to have a staff representative or call any witnesses at the DHO hearing. *Id. at 24*.

On July 25, 2012, DHO L. Ward conducted a hearing on the two disciplinary charges. Petitioner denied threatening anyone, but admitted to being insolent. According to the DHO report, Petitioner did not request any witnesses, and he waived his right to a staff representative. *Id. at 18-19*.

On September 11, 2012, the DHO issued her written report. On the charge of threatening a staff member, the DHO found that no prohibited act had been committed, and she directed that the charge be expunged. The DHO found that Petitioner had committed the charged offense of insolence and imposed thirty days of disciplinary segregation, loss of fourteen days of good conduct time, and loss of commissary and visitation privileges for ninety days. *Id. at 19, 26*. The DHO relied on the following evidence to support her findings:

  (1) The written incident report of Unit Manager Ankton;

  (2) Petitioner's statement to the investigating officer that he did not threaten anyone;

  (3) Petitioner's failure to give a statement to the UDC;

  (4) Petitioner's denial, during the DHO hearing, that "what [he] said

was a threat," and his admission that he had been insolent; and

(5) Supporting staff memoranda that corroborated Mr. Ankton's account.

*Id.* at 19.

After summarizing the evidence, the DHO stated:

I find it relevant you admit to being insolent. Your admission establishes your culpability. The supporting staff memorandums corroborate Mr. Ankton's account of this incident. Specifically, you were heard yelling and telling him you were going to get him for this and put his name down on your list. It is never okay to be disrespectful to staff, regardless of your issues. If you were in disagreement with the content of the meeting, you were advised by this DHO, there are avenues to take in attempts to resolve your concerns. I find Mr. Ankton's account of this credible as described above. Upon your commitment to this facility, you participated in Admission and Orientation (A&O) wherein you were advised of [BOP] rules and regulations and your responsibility to abide by these rules. You were also provided an A&O handbook which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulation further establishes your culpability. Being insolent is a prohibited act.

Based on the written statement of Mr. Ankton, the supporting documentation and your own partial admission, the greater weight of evidence supports my finding you committed the prohibited act of insolence, Code 312.

*Id.* The DHO then stated the following basis for the sanctions imposed:

The action on your part to be insolent is disrespectful and interferes with the efficient operation of this institution and with staff in the performance of their duties. The sanctions I have imposed are to let you know you, and you alone, are held responsible for your actions at all times.

*Id.* at 20.

In this § 2241 action, Petitioner alleges the following due process violations: (1) the disciplinary conviction was based solely on staff reports and the DHO's personal knowledge; (2) Petitioner was denied adequate procedural protections during his disciplinary proceedings; and (3) the proceedings were unfairly conducted in retaliation for his filing several civil actions against BOP staff. *Docs. #1, #10, #13.*[3]

For the reasons explained below, the Court recommends that all of Petitioner's claims be dismissed, with prejudice.

### III. Discussion

### A. "Some Evidence" Standard

In the context of a prisoner's disciplinary conviction, due process only requires that the record contain "some evidence" to support a disciplinary decision that results in the loss of good-time credits. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985).

---

[3]Respondent argues that Petitioner's claims should be dismissed for failure to exhaust the BOP's administrative remedies. Petitioner argues that BOP staff "refuses to provide" administrative remedies to him, "purposely delayed" providing a copy of the DHO findings to him, and "rejected" his appeal. *Docs. #10, at 6; #13, at 2.* The Court need not resolve the exhaustion issues because, as explained below, Petitioner's claims fail for other reasons. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the exhaustion prerequisite for a § 2241 petition was "judicially created, not jurisdictional").

…
"Some evidence" has been construed to mean "any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added). Under this minimal evidentiary standard, federal courts are required to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. *Id.* at 456.

In this case, Petitioner alleges that the DHO improperly based her disciplinary decision on staff reports and her own "personal knowledge [and] impression[s] brought to the hearing." *Doc. #1, at 5*. However, Petitioner ignores the fact that *he admitted to being insolent*. Furthermore, a violation report from a correctional officer, even if disputed and supported by no other evidence, "legally suffices as 'some evidence" to support a disciplinary conviction under *Hill*. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *see Hill*, 472 U.S. at 456. Here, the charging officer reported that Petitioner yelled at him and an officer conducting the search, and that, although instructed to lower his voice, Petitioner continued yelling loud enough for staff in other offices to become concerned and come into the conference room. Other staff members confirmed that they heard Petitioner yelling.

Applying the *Hill* standard to the facts in this case, the Court concludes that the record contains "some evidence" to support the DHO's finding that Petitioner committed the prohibited act of being insolent toward a staff member. This claim

should be dismissed as without merit.

**B.      Procedural Requirements**

When a prison disciplinary proceeding may result in the loss of good-time credits, an inmate must receive the following minimum procedural due process protections: (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

In this case, it is undisputed that the first *Wolff* requirement, advance notice of the disciplinary charges, was met.

Petitioner alleges that he was denied the right to present documentary evidence and call witnesses during the DHO hearing. *Docs. #1, at 5; #10, at 5; #13, at 1*. However, he does not identify any specific witnesses or documents, or state what testimony any witnesses would have offered or what the documents would have shown. The disciplinary forms indicate that Petitioner requested no witnesses: (1) during the investigation on June 14, 2012; (2) when notified on June 21, 2012 of the upcoming DHO hearing; or (3) during the DHO hearing on July 25, 2012. Thus, nothing in the record suggests that Petitioner requested any witnesses or documentary

evidence, much less that those requests were denied by any BOP officials.

Importantly, Petitioner was provided an opportunity to present a statement in his defense during the investigation by Lt. Jankowski, during the UDC screening, and during the hearing before the DHO. Because Petitioner *admitted to being insolent*, it is farfetched for him to argue that he could have presented any *credible* testimony or documents that would have aided his defense to that charge or affected the outcome of the proceeding in any way. *See Howard v. United States Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) ("errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review"). Thus, he is not entitled to relief on his claim that he was denied witnesses and documentary evidence.

Next, Petitioner alleges that he was denied a fair and impartial decision-maker because the DHO: (1) allowed "non-Board member Lt. Shelton" to make a disposition regarding the sanction and "apply command influence"; (2) based her decision on "personal knowledge" obtained by investigating matters, interviewing witnesses, and making telephone and e-mail inquiries to staff who wrote the conduct report; and (3) played a "double role" in acting as an investigator and as the DHO hearing chairperson and decision-maker. *Docs. #1, at 4-5; #10, at 1-2, 5; #13, at 2.*

"The nature of prison disciplinary proceedings compels the courts to give wide latitude to prison officials in the manner in which they conduct these proceedings."

*Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir. 1994). Disciplinary hearing officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003). For a petitioner to be entitled to relief on a claim that the DHO was biased, he must show that the officer's conduct "gave [the officer] an interest adverse to [the inmate's] 'so direct, personal and substantial as to give rise to a due-process violation.'" *Ivy*, 31 F.3d at 635 (quoting *Dace v. Mickelson*, 797 F.2d 574, 578 n.6 (8th Cir. 1986)).

According to the disciplinary documents in this case, DHO Ward was *not* present during the incident that occurred on June 14, 2012, was *not* the charging officer who wrote the incident report, was *not* the officer who initially investigated the charges and recommended that they proceed, and was *not* a member of the UDC that referred the charges to the DHO.[4] The DHO report, signed only by DHO Ward, sets forth the specific evidence upon which she relied and the reasons for the sanctions she imposed. None of the disciplinary documents refers to a "Lt. Shelton." As discussed, the evidence cited in the DHO report amply supports Petitioner's disciplinary conviction. Even if the DHO obtained and considered information from other BOP staff, she still had sufficient evidence – Petitioner's admission and the charging officer's report – to find him guilty of insolence. Importantly, the DHO found

---

[4]Counselor C. Farris is the only identified member of the UDC. *Doc. #8-1, at 21*.

Petitioner guilty *only* of the offense to which Petitioner admitted his guilt.

In light of this record, Petitioner's allegation that the DHO communicated with BOP staff prior to the hearing is not sufficient to establish an interest adverse to Petitioner's interests "so direct, personal, and substantial" as to give rise to a due process violation. There is simply no evidence in the record that the DHO had any personal interest in the circumstances giving rise to the charges against Petitioner or in how those charges ultimately were resolved. Thus, Petitioner's claim that he was denied an impartial decision-maker does not entitle him to relief.

Petitioner does not dispute that he received a copy of the DHO's findings as required by *Wolff*, but he alleges that the DHO "purposely delayed" sending him a copy of her report, which prevented him from appealing the decision in a timely manner. *Docs. #1, at 4; #13, at 2-3*. The protections described in *Wolff* do not include the right to an appeal of a disciplinary decision. *Wolff*, 418 U.S. at 565 (accepting Nebraska system's failure to provide for administrative review of disciplinary decisions). Therefore, this allegation does not amount to a federal due process violation.

Petitioner also alleges that he was denied the assistance of a BOP staff representative. He alleges that, although he requested Ms. Talbert as his representative, BOP officials denied his request because she "was involved," and

failed to provide another representative. He refers to BOP policy allowing for the "services of a full-time staff member of his choosing," and the "option of selecting another staff member" if the requested representative is unavailable. *Docs. #1, at 4-5; #10, at 2-3, 5, 7-8, 11; #13, at 1-2.*

Petitioner's assertions that the BOP violated its own regulations do not state a federal due process violation. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (a prison official's failure to follow prison policy does not rise to the level of a constitutional violation).

Moreover, a prisoner does not have a constitutional right to have representation by a staff member during a disciplinary proceeding. *Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996). Instead, the Supreme Court in *Wolff* recognized certain circumstances which justified inmates "to seek the aid" of a fellow inmate or staff person, *i.e.*, if the inmate was illiterate, or where the issues were so complex that it was unlikely the inmate would be able to collect and present the evidence necessary for adequate comprehension of his case. *See Wolff*, 418 U.S. at 570; *Hudson*, 92 F.3d at 751. None of those limited circumstances are present in this case. Thus, the Court concludes that this claim is without merit.

Finally, Petitioner alleges: (1) he was given thirty days of disciplinary segregation as part of his sanction, when only fifteen days were authorized, *Doc. #1,*

*at 4*; and (2) the UDC's action was "past the allotted time for screening by several days," *Doc. #13, at 2*. At best, these allegations raise a claim that BOP staff failed to comply with BOP policies. However, as previously discussed, such claims do *not* rise to the level of a federal due process violation.[5]

In summary, the Court concludes that none of Petitioner's alleged procedural irregularities entitles him to relief.

### C. Retaliation

Finally, Petitioner alleges that the disciplinary proceedings were unfairly initiated and conducted in retaliation for his filing of several civil actions against BOP staff. *Docs. #10, at 3-4; #13, at 3*.

The Eighth Circuit has made it clear that a habeas claim challenging a retaliatory disciplinary fails if the underlying disciplinary was based on a prisoner's *actual violation of a prison rule* and "some evidence" supports the violation. *Santiago v. Blair*, 707 F.3d 984, 993 (8th Cir. 2013); *Hartsfield*, 511 F.3d at 829. Because the evidence in this case easily satisfies *Hill*'s "some evidence" standard, Petitioner's claim that the disciplinary action was retaliatory fails.

---

[5]Moreover, the thirty-day sanction was well within the permissible range for a Code 312 violation, which is classified as a "moderate severity level prohibited act." *See* 28 C.F.R. § 541.3, Table 1 (authorizing up to three months of disciplinary segregation for moderate level severity prohibited acts).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *Doc. #1*, be DENIED, and that this case be dismissed, with prejudice.

DATED this 30th day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE