IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ADDONES SPENCER,** **PETITIONER**
**ADC #101747**

**v.** **Case No. 2:12-cv-00201 KGB/JTR**

**JOHN FOX, Warden,**
**FCI-Forrest City** **RESPONDENT**

## ORDER

Before the Court is petitioner Addones Spencer's motion for evidentiary hearing (Dkt. No. 24), motion for certificate of appealability, motion for leave to appeal *in forma pauperis* (Dkt. No. 26), and motion for extension of time to object to the Proposed Findings and Recommended Disposition (Dkt. No. 28). Mr. Spencer filed his motion for evidentiary hearing on October 11, 2013, over a week after this Court entered final judgment in his case on October 2, 2012, adopting the Proposed Findings and Recommended Disposition after no timely objections were filed (Dkt. No. 23). Therefore, petitioner's motion for evidentiary hearing is denied as untimely (Dkt. No. 24). The Court notes that, even if petitioner had timely filed his motion, the Court, having reviewed the record and having considered the points he raises, would find no good cause to grant the motion.

As to petitioner's request for a certificate of appealability, such certificates are not required in habeas corpus cases brought by federal prisoners solely under 28 U.S.C. § 2241. *See, e.g.*, *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010); *Swiggart v. Outlaw*, 2012 WL 1379123 at *1 n.1 (E.D. Ark. Apr. 20, 2012). Petitioner's motion for certificate of appealability is therefore denied as moot.

Petitioner's motion for leave to appeal *in forma pauperis* is likewise denied as moot (Dkt. No. 26). Under Federal Rule of Appellate Procedure 24(a)(3)(A), "a party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization . . . ." Because plaintiff was granted leave to proceed *in forma pauperis* in this action, he does not need leave of Court to do so on appeal. *See, e.g.*, *Frentzel v. Boyer*, 2007 WL 1342178 (E.D. Mo. May 3, 2007).

Finally, petitioner's motion for extension of time to object to the Proposed Findings and Recommended Disposition is also denied as moot (Dkt. No. 28). Before petitioner filed this motion, he filed a notice of appeal and an amended notice of appeal (Dkt. Nos. 25, 27). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court [of] its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Liddell v. Bd. of Educ. of City of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996). As a general rule, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal. *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996). Although this Court would retain jurisdiction had petitioner filed a timely motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, petitioner did not timely file any such motion. *See* Fed. R. App. Proc. 4(a)(4); *Griggs*, 459 U.S. at 59. Petitioner alleges, due to his incarceration in the Special Housing Unit, he did not receive timely the pleadings in order to respond timely. This Court no longer has jurisdiction to consider the merits of this claim. All further pleadings in this case are properly directed to the Eighth Circuit Court of Appeals.

SO ORDERED this 17th day of January, 2014.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE